<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                          )
D&R COMMUNICATIONS, LLC,                   )
                                          )
                                          )
              Plaintiff,                   )
                                          )
v.                                        )        Civil Action No. 11-0413 (GEB)
                                          )        **MEMORANDUM OPINION**
JOHN GARETT AND GARETT GROUP,             )
INC.,                                     )
                                          )
                                          )
              Defendants.                  )
_____ )

<u>**BROWN, Chief Judge**</u>

        This matter comes before the Court upon the motion of Defendants John Garett and

Garett Group, Inc. (collectively "Defendants" or "Garett") to dismiss counts IV through X of the

Complaint filed by D&R Communications, LLC ("Plaintiff" or "D&R") for failure to state a

claim.  (Doc. No. 26).  Also before the Court is Plaintiff's cross-motion to amend its pleadings.

(Doc. No. 27).  The Court has considered the parties' submissions and decided the matter

without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed

below, the Court denies Defendants' motion to dismiss.

**I.      Background**

        Plaintiff D&R and Defendants Garett Group, Inc. had a business relationship lasting

about eight months.  In February 2009, D&R hired Garett, through Garett Group, Inc., as an

independent contractor to generate business for D&R's Rx Health*Advantage* program, which

included a patient starter kit, "a device and method for packaging pharmaceutical product

1

samples together with patient drug and disease state information, literature and other forms of media, and related consumer products, consumer package goods, devices, or services."  (*See* U.S. Patent No. 7,677,601 (the "'601 Patent") at 1:11-15; Am. Compl. ¶ 12; Doc. No. 27-2). However, their relationship went sour, and D&R and Garett terminated their consulting agreement in October 2009.  (Am. Compl. ¶ 16; Doc. No. 27-2).

After Garett approached D&R's clients alleging D&R's patient starter kits infringed upon Garett's then non-existent patent, (*id*. at ¶ 19), D&R and Garett entered into a Settlement and Release Agreement (the "Settlement Agreement").  (Am. Compl. at Ex. E; Doc. No. 27-3).  The Settlement Agreement's stated purpose was to allow "the parties to engage in legitimate, fair and honest competition in the marketplace, free of interference from the other party."  (*Id.*).  In the agreement, D&R "acknowledged that it had no proprietary rights in the Rx Health*Advantage* brand name and that Defendant Garett owned the still-pending Garett Patent Application directed to a certain type of patient starter kit."  (Am. Compl. ¶ 23; Doc. No. 27-2).  However, the agreement allowed D&R to continue to market other non-infringing patient starter kits.  (*Id.* at ¶ 24).  In Section 2.2, Garett agreed "not to assert any proprietary or exclusive rights in any patient starter kit that D&R is permitted to use or make under the terms of this Agreement and which will *not* be covered by any patent claim that may issue to Garett."  (Am. Compl. at Ex. E; Doc. No. 27-3) (emphasis added).  Both parties also agreed in Section 3 that "neither shall disparage or denigrate the other party . . . or say or do anything derogatory, negative or harmful relating to them."  (*Id.*).  Thereafter, in March 2010, Garett obtained the '601 Patent protecting certain patient starter kits and methods, as recited by fifteen patent claims.  (Am. Compl. ¶¶ 18, 30; Doc. No. 27-2).

Despite the Settlement Agreeement, Garett again began approaching D&R's clients alleging possible patent infringement.  In January 2011, Garett sent letters (the "Disparaging Letters")[1] to at least two of D&R's clients, ALCON Laboratories, Inc. and DUSA Pharmaceuticals (collectively, the "Clients"), (*id.* at ¶ 19), stating that the Clients "may be using a service and product, provided by D&R . . . that violates [Garett's] Intellectual Property for a 'Patient Kit' and US Patent No. 7,677,601, as of March, 2010."  (Am. Compl. at Ex. G; Doc. No. 27-3).  According to the Complaint, the letters also claim, "in loosely veiled language, that D&R effectively stole Defendants' ideas," and that D&R violated the Settlement Agreement by using Garett's invention.  (Am. Compl. ¶¶ 44, 128; Doc. No. 27-2).  The Amended Complaint alleges that the Disparaging Letters also attempted "to have the Clients switch their business for D&R Kits from D&R to Defendants."  (*Id.* at ¶ 44).

The Clients informed D&R of these letters because D&R agreed to indemnify its Clients for any patent infringement claims arising from the commercial use of D&R patient kits.  (*Id.* at ¶ 35).  As a result, D&R alleges that it has had "to expend legal fees to indemnify and respond to the concerns of its clients."  (*Id.* at ¶ 80).  D&R also claims that it has been injured "through loss of actual sales, reputation, and/or goodwill."  (*Id.* at ¶ 73).

To settle the issue of patent infringement, D&R filed the present declaratory judgment action alleging it did not infringe the patent.  D&R's complaint also included the following counts: Count IV – Violation of the Lanham Act; Count V – Breach of the Settlement Agreement; Count VI – Breach of Covenant of Good Faith and Fair Dealing; Count VII – Fraud and Misrepresentation; Count VIII – Interference with Contracts and Existing and Prospective Economic Advantages; Count IX – Unfair Competition; and Count X –Defamation.

---

[1] The Court adopts Plaintiff's terminology only as a matter of convenience. The Court makes no substantive determination as to the characterization of the content of the letters at this time.

Defendants filed motions to dismiss counts I, II, and III for lack of subject matter jurisdiction (Doc. No. 25) and counts IV-X for failure to state a claim (Doc. No. 26) on April 8, 2011.  This opinion involves only the motion to dismiss counts IV-X for failure to state a claim (Doc. No. 26).  The motion addressed to counts I, II and III (Doc. No. 25) was denied by memorandum opinion (Doc. No. 30) and order (Doc. No. 31) entered on June 13, 2011.

II.     **Discussion**

    A.     **Motion to Dismiss**

        1.     **Failure to State a Claim Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570).  The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In evaluating a motion to dismiss, a court may consider only the complaint that contains the claims that are the subject of the motion, exhibits attached to the complaint or answer, matters of public record, and undisputedly authentic documents if the claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Additionally, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

### 2. The Court Denies Defendants' Motion to Dismiss Counts IV Through X of Plaintiff's Complaint

The Court concludes that Plaintiff's Amended Complaint alleges adequate facts to support its causes of action for Counts IV through X and that Defendants have failed to present sufficient grounds for dismissal.  Thus, the Court grants Plaintiff leave to amend and does not address the sufficiency of Plaintiff's original complaint.

#### a. Lanham Act (Count IV)

Plaintiff asserts that Defendants violated Section 43(a)(1)(b) of the Lanham Act by making false allegations, in bad faith, that D&R infringed Garett's patent.  (Am. Compl. ¶¶ 67-69; Doc. No. 27-2).

Defendants contend that the Lanham Act merely protects trademarks from false advertising and false association, and since no trademark, false advertising, or false association is at issue in this case, Defendants assert that Plaintiffs have not stated a claim for which relief can be granted.  (Defs.' Br. at 4, 6-8; Doc. No. 26-1).  However, the Lanham Act "proscribes not only trademark infringement in its narrow sense, but more generally creates a federal cause of

action for unfair competition."  *AT&T  v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1428 (3d Cir. 1994).

The Federal Circuit has recognized that false allegations of patent infringement, when made in bad faith, can violate the unfair competition provision under §43(a) of the Lanham Act, assuming the elements of a Lanham Act claim are met.  *Zenith Elecs. Corp., v. Exzec, Inc.*, 182 F.3d 1340, 1354 (Fed. Cir. 1999).  Elements that a plaintiff must allege and ultimately prove include:

> (1) that the defendant . . . made a false or misleading statement of fact in commercial advertising or promotion about the plaintiff's goods or services; (2) that the statement actually deceives or is likely to deceive a substantial segment of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the defendant caused the statement to enter interstate commerce; and (5) that the statement results in actual or probable injury to the plaintiff.

*Id*. at 1348.

Plaintiff's Amended Complaint alleges all of the required elements of this claim.  First, it alleges that "Defendants have made, in bad faith, material and false and/or misleading representations . . . regarding D&R's and Defendants' products and services," (Am. Compl. ¶ 67; Doc. No. 27-2).  Specifically, these representations were "in the Disparaging Letters, and include the Untrue Patent Statement, as well as Defendants' implication that D&R misappropriated Defendants' proprietary and/or other intellectual property and improperly used it in D&R's products."  (*Id.* at ¶ 69).  The statement Plaintiff is referring to is where Defendants stated, "a service or product, provided by D&R . . . violates my Intellectual Property for a 'Patient Kit' and US Patent No. 7,677,601[.]"  (*Id. at* ¶ 8).  Second, the Amended Complaint alleges that Defendants made "representations that have or are likely to deceive the intended audience."  (*Id.* at ¶ 67).  Indeed, when read broadly, the Amended Complaint asserts that D&R's customers contacted D&R with concern about whether or not D&R's products infringe Garett's patent,

suggesting that they may have been deceived by Garett's letter.  (*Id.* at ¶ 35; *see also* Am.

Compl. at Ex. F; Doc. No. 27-3).  Third, the Amended Complaint alleges that the representations

"were calculated to influence the intended audience to purchase Patient Starter Kits from

Defendants and not from D&R."  (Am. Compl. at ¶ 68; Doc. No. 27-2).  Fourth, the Amended

Complaint alleges the statements were made in interstate commerce.  Specifically, it alleges that

that "[b]oth D&R and Defendants' products are offered for sale, marketed and/or sold in

interstate commerce.  The Disparaging Letters originated in New York and were published in at

least two other U.S. states."  (*Id.* at ¶¶ 70-71).  Fifth, the Amended Complaint explains that "[a]s

a result of Defendants' conduct, D&R has been injured and will continue to be injured if

Defendants are not restrained through loss of actual sales, reputation, and/or goodwill."  (*Id.* at ¶

73).  While the Complaint does not allege that D&R lost any customers, the Court concludes that

D&R sufficiently alleges the injury to its reputation and goodwill.

        In addition to these elements, the Federal Circuit has held that bad faith is required in

cases where a party asserts a patent in order to "give effect both to the rights of patentees as

protected by the patent laws under ordinary circumstances, and to the salutary purposes of the

Lanham Act to promote fair competition in the marketplace."  *Zenith*, 182 F.3d at 1354.  Thus,

"a patentee's statements regarding its patent rights are conditionally privileged under the patent

laws, so that such statements are not actionable unless made in bad faith."  *Id.* at 1353; *see, e.g.,*

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998) ("Federal

precedent is that communications to possible infringers concerning patent rights is not improper

if the patent holder has a good faith belief in the accuracy of the communication."); *GP Indus.,*

*Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007) ("a patentee has a right to inform

potential infringers of a patent and potentially infringing activity unless the communication is

made in bad faith.").  The Federal Circuit has determined "that a bad faith standard cannot be satisfied in the absence of a showing that the claims asserted were objectively baseless."  *GP Indus., Inc.*, 500 F.3d at 1374.  An assertion of rights is objectively baseless when "no reasonable litigant could realistically expect success on the merits."  *Id.* at 1374 (citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)).

In this case, the Court determines that the Amended Complaint sufficiently alleges bad faith.  Whether or not the Defendants' assertions were "objectively baseless" is an issue of fact to be later determined based upon the evidence, including an examination and comparison of the patented patient starter kit and the allegedly infringing kits.  At this stage of the proceeding, the Court holds that D&R's allegation of bad faith, (Am. Compl. ¶ 67; Doc. No. 27-2), when broadly construed, is sufficient to survive the motion to dismiss.  Consequently, Defendants' motion to dismiss Count IV, Violation of the Lanham Act, for failure to state a claim is denied.

> **b.**      **Unfair Competition under N.J.S.A. § 56:4 and New Jersey Common Law (Count IX)**

The elements of unfair competition under N.J.S.A. § 56:4 and New Jersey common law are the same as those required under the Lanham Act.  *Cancer Genetics, Inc. v. Hartmayer*, 2008 U.S. Dist. LEXIS 8260, at *25 (D.N.J. Feb. 4, 2008).  "Consequently, the Court need only undertake a single analysis to determine whether Plaintiff's claims survive Defendant's motion to dismiss."  *Id*. at *25-26.  The Third Circuit has also adopted this view, stating, "[w]e previously have held that the 'federal law of unfair competition under §43(a) is not significantly different from the New Jersey [common] law of unfair competition' and have applied the identical test to both claims."  *Winback*, 42 F.3d at 1433 (alteration in original).  *See also Buying For The Home, LLC v. Humble Abode, LLC*, 459 F. Supp 2d 310, 317-318 (D.N.J. 2006) ("Because the elements of a claim of unfair competition under the Lanham Act are the same as

for claims of unfair competition and trademark infringement under New Jersey statutory and common law, the Court's analysis below extends to Plaintiff's state law claims as well."). Therefore, as discussed above under the Lanham Act analysis, Plaintiff's Amended Complaint alleges sufficient facts to survive Defendants' motion to dismiss Count IX, and thus, the motion is denied.

### c.      Breach of Settlement Agreement (Count V)

A plaintiff must plead three elements to establish a breach of contract claim: a valid contract, defendant's failure to perform his obligations under the contract, and plaintiff's resulting damages. *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007). The Court concludes that Plaintiff's Amended Complaint alleges facts sufficient to establish a claim for breach of contract.

D&R and Garett entered into the Settlement Agreement on February 21, 2010. (Am. Compl. at Ex. E; Doc. No. 27-3). John G. Garett, as President of Garett Group, Inc. and individually, signed the agreement. (*Id.*). A valid contract existed, thereby satisfying first element of the claim.

Plaintiff asserts that Defendants have breached Sections 1.3, 2.2 and 3 of the Settlement Agreement by, among other things, asserting proprietary or exclusive rights to patient kits that D&R is permitted to use and market in the Disparaging Letters sent to the Clients. (Am. Compl. ¶¶ 76-77; Doc. No. 27-2). Defendants claim that the Letters cannot be interpreted as a breach because Section 2.2 of the Settlement Agreement specifically exempts assertions of proprietary rights in "any patent claim that may issue to Garett," (Am. Compl. at Ex. E; Doc. No. 27-3), and the letters only refer to possible violations of the Garett Patent. (Defs.' Br. at 11; Doc. No. 26-1).

The Court rejects this argument.  The letters assert violation of more than just Garett's patent.  Specifically, Defendants state a possible violation of "the Garett patent and Garett's 'other' unarticulated intellectual property rights."  (Am. Compl. ¶ 8; Doc. No. 27-2; Am. Compl. at Ex. G; Doc. No. 27-3 (asserting that D&R's product "violates my Intellectual Property for a 'Patient Kit' and US Patent No. 7,677,601, as of March, 2010.")).  Furthermore, Plaintiff's Amended Complaint alleges "that Defendants have engaged in a malicious course of conduct designed to damage, if not destroy, D&R's business," (Am. Compl. ¶ 29; Doc. No. 27-2), which, if true, would violate the Settlement Agreement's purpose "to allow 'the parties to engage in legitimate, fair and honest competition in the marketplace, free of interference from the other party.'"  (Am. Compl. ¶ 22; Doc. No. 27-2; Am. Compl. at Ex. E; Doc. No. 27-3).  Thus, Defendants' allegation of infringement of *other* intellectual property and the alleged malicious conduct may constitute breaches of the Settlement Agreement.  Plaintiff's Amended Complaint alleges sufficient facts to satisfy the second element of a breach of contract claim.

As to the third element, Defendants characterize Plaintiff's statement of damages as conclusory, (Defs.' Br. at 10; Doc. No. 28), but do not challenge the sufficiency of the damages.  The Court determines that Plaintiff's allegations are sufficient.  Plaintiff alleges previous and continuing damages through "loss of actual sales, reputation, and/or goodwill."  (Am. Compl. ¶ 73; Doc. No. 27-2; *see also* Am. Compl. ¶ 48; Doc. No. 27-2).  Protecting its goodwill and reputation was likely the very purpose behind D&R entering the agreement with Garett.  Thus, these damages are sufficient for a breach of contract claim.  *Cf. Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 711 (3d Cir. 2004) ("any injury to goodwill or loss of control over reputation is actionable"). Defendants' motion to dismiss Count V is accordingly denied.

>             **d.**        **Breach of Covenant of Good Faith and Fair Dealing (Count VI)**

According to the Supreme Court of New Jersey, "[i]n every contract there is an implied covenant that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract; in other words, in every contract there exists an implied covenant of good faith and fair dealing.'" *Palisades Properties, Inc. v. Brunetti*, 44 N.J. 117, 130.

Defendants assert that Plaintiff's Amended Complaint does not allege sufficient facts to support a claim for a breach of the covenant of good faith and fair dealing because Plaintiff did not "recite the 'material fact' that Defendants allegedly 'concealed pertaining to its intentions.'" (Defs.' Br. at 11; Doc. No. 28).  However, Plaintiff's Amended Complaint alleges more than enough facts to support its claim.  Plaintiff has pled that "Defendants acted with improper motive to destroy and injure [P]laintiff's rights under the settlement agreement," (Am. Compl. ¶ 84; Doc. No. 27-2), and that "Defendants, upon claiming to have been informed by a single individual of allegations that D&R had infringed its patent, conducted no due diligence or independent investigation to attempt to verify these allegations before publishing the Disparaging Letters." (*Id.* at ¶ 85).  Plaintiff also alleges that Defendants published the Disparaging Letters – without seeing D&R's allegedly infringing products or verifying the infringement claims – in order to "destroy or injure D&R's rights to receive the fruits and benefits of the Settlement Agreement." (*Id.* at ¶¶ 85-87).  Considering these alleged facts, the Court concludes that the claim for breach of covenant of good faith and fair dealing must survive Defendants' motion to dismiss.

Defendants also contend that the duty of good faith and fair dealing cannot alter the express rights of the agreement.  (Defs.' Br. at 11-12; Doc. No. 28 (citing *DiCarlo v. St. Mary*

*Hosp.*, 530 F.3d 255, 267 (3d Cir. 2008)).  Defendants claim that its assertion of its patent rights were within the express rights granted by the Settlement Agreement, and therefore cannot have breached the implied covenant of good faith and fair dealing.  (Defs.' Br. at 12; Doc. No. 28). However, since Plaintiff pleads that Defendants alleged infringement of *other* intellectual property beyond that of the Garett patent, (Am. Compl. ¶ 8; Doc. No. 27-2; Am. Compl. at Ex. G; Doc. No. 27-3), the Court determines that Plaintiff sufficiently pleads a claim for breach of the covenant of good faith and fair dealing.  Defendants' motion to dismiss Count VI is denied.

### e.      Fraud and Misrepresentation (Count VII)

In order to plead fraud and misrepresentation in New Jersey, a plaintiff must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) a reasonable reliance thereon by the other person; and (5) resulting damages."  *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997).  "The '[d]eliberate suppression of a material fact that should be disclosed' is viewed as 'equivalent to a material misrepresentation (i.e., an affirmative misrepresentation),' which will support a common law fraud action."  *Winslow v. Corporate Express, Inc.*, 364 N.J. Super. 128, 139 (App. Div. 2003).

The elements of fraudulent concealment must also be pled under the heightened standards of Federal Rule of Civil Procedure 9(b).  *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 305 (D.N.J. 2009) (citing *Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir.1984)).  Rule 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The heightened pleading standard is necessary "in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and

fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791

(3d Cir. 1984). "Plaintiffs may satisfy this requirement by pleading the 'date, place or time' of

the fraud, or through 'alternative means of injecting precision and some measure of

substantiation into their allegations of fraud.'" *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir.

2004). "Plaintiffs also must allege who made a misrepresentation to whom and the general

content of the misrepresentation." *Id.*

Defendants argue that Plaintiff fails to allege any of the required elements of fraud.

(Defs.' Br. at 13-14; Doc. No. 26-1). Defendants also assert that Plaintiff failed to plead with the

particularity required by Rule 9(b). (*Id.* at 14). However, the Court concludes that Plaintiff's

Amended Complaint pleads with sufficient particularity all of the required elements of fraud.

In satisfying the first element, D&R alleges:

> Defendants concealed material facts pertaining to their intentions not to
> fulfill their obligations to D&R, including the Agreement that the parties
> would engage in legitimate, fair and honest competition in the
> marketplace, free of interference from the other party, and/or to instead
> interfere with D&R's business and otherwise act as aforesaid, including
> violating §§ 1.3, 2.2 and 3 of the Settlement Agreement. . . . [and that]
> [t]he concealment of such information constitutes a false, material
> misrepresentation of existing facts.

(Am. Compl. ¶¶ 90-91; Doc. No. 27-2). Thus, D&R sufficiently alleges the date, time and place

of the fraud – all of which occurred at the signing of the contract. D&R also alleges the content

of Garett's misrepresentation – he concealed his intention not to comply with the contract.

D&R meets the second and third requirements by alleging that "Defendants intentionally

concealed such information[,]" and that "Defendants intended for D&R to rely upon them with

respect to such representations and concealments." (*Id.* at ¶ 92-93). Indeed, D&R did rely upon

the alleged misrepresentation by signing the contract and surrendering its consideration. D&R

also alleges that it relied on Defendants' supposed agreement to the settlement contract, thereby

13

causing it damages.  (*Id.* at ¶¶ 94-95).  Thus, D&R also satisfies the fourth and fifth elements of

fraud.  Because Plaintiff alleges all of the elements of fraud with sufficient specificity, the Court

denies Defendants' motion to dismiss Count VII of Plaintiff D&R's Complaint.

    **f.**  **Interference with Contracts and Existing and Prospective**
       **Economic Advantages (Count VIII**)

   Under New Jersey law, to plead a claim for tortious interference with an existing or

prospective economic relationship, a plaintiff must allege five elements:

> (1) a plaintiff's existing or reasonable expectation of economic benefit or
> advantage; (2) the defendant's knowledge of that expectancy; (3) the
> defendant's wrongful, intentional interference with that expectancy; (4)
> the reasonable probability that the plaintiff would have received the
> anticipated economic benefit in the absence of interference; and (5)
> damages resulting from the defendant's interference.

*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1167 (3d Cir. 1993).  Regarding intent, "courts

require facts not only alleging intent, but malice; that is, the harm was inflicted intentionally and

without justification or excuse."  *Pathfinder, L.L.C. v. Luck*, 2005 U.S. Dist. LEXIS 44782, *31

(D.N.J. May 20, 2005).

   Plaintiff's complaint properly alleges all five elements of a claim for tortious

interference.  First, D&R alleges that it had continuing economic relationships with its current

clients and expectancies of economic relationships with prospective clients in the pharmaceutical

industry, including DUSA and ALCON, and a reasonable expectation of economic advantages

from these relationships.  (Am. Compl. ¶ 98; Doc. No. 27-2).

   In alleging the second and third elements, Plaintiff pleads that Defendants knew of the

relationships and expectancies and intentionally interfered with them by publishing the

Disparaging Letters without making any effort to verify the allegations of infringement.  (*Id.* at

¶¶ 99-100).  Plaintiff alleges that Defendants' actions were also "without right, excuse or

justification," (*Id.* at ¶¶ 100-01), as Defendants claimed infringement not only of the '601 Patent,

but also of "'other' unarticulated intellectual property" that Garett would have no right to allege under the Settlement Agreement.  (*Id.* at ¶ 37).  In "determining whether the complaint states facts that equate with wrongful, unjustified conduct," the Court looks to whether the conduct "was both injurious and transgressive of generally accepted standards of common morality or of law."  *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 757 (1989).  Neither the allegedly unfounded assertion of infringement nor the alleged attempt "to have the Clients switch their business for D&R Kits from D&R to Defendants," (Am. Compl. ¶ 44; Doc. No. 27-2), are actions that are "sanctioned by the 'rules of the game.'"  *Printing Mart-Morristown*, 116 N.J. at 756-57.  Therefore, Plaintiff pleads sufficient facts to allege the second and third elements.

Fourth, Plaintiff D&R alleges sufficient facts to show that it probably would have received the anticipated economic benefit in the absence of Defendants' interference by pleading that "D&R's economic advantages have been diminished by virtue of it having to expend legal fees and other resources to fulfill its indemnification obligations to DUSA and ALCON as a result of Defendants' actions, and to facilitate preservation of D&R's relationships with DUSA and ALCON."  (Am. Compl. ¶ 105; Doc. No. 27-2).  But for Defendants' interference, D&R would not have had to expend these legal fees.  (*Id.*).  Finally, D&R alleges damages through legal fees to indemnify its clients and also through "loss of actual sales, reputation, and/or goodwill."  (*Id.* at ¶ 7; *see also Id.* at ¶ 48).  Plaintiff sufficiently alleges all five elements of a claim for interference with contracts and existing and prospective economic advantages, and therefore, Defendants' motion to dismiss is denied.

### g.    Defamation (Count X)

To establish a prima facie case of defamation, "a plaintiff must show that defendant communicated to a third person a false statement about plaintiff that tended to harm [the]

plaintiff's reputation in the eyes of the community or to cause others to avoid plaintiff." *W.J.A. v. D.A.*, 416 N.J. Super. 380, 384-85 (App. Div. 2010).  Because this is a case of libel (written defamation), such harm is presumed.  *Id.* at 387.

Defendant claims that Plaintiff does not identified any statement from the Disparaging Letters that can be considered false, and therefore does not allege sufficient facts to support a defamation claim.  (Defs.' Br. at 14-15; Doc. No. 28).  However, the Court determines that Plaintiff alleges sufficient facts to support its claim.  D&R alleges that Defendants communicated to actual and potential clients, including DUSA and ALCON, defamatory statements in the Disparaging Letters.  (Am. Compl. ¶ 125; Doc. No. 27-2).  Plaintiff claims that these defamatory statements included the false accusation of a violation of Garett's intellectual property and the '609 Patent, the false accusation of theft of Defendants' invention, and the false accusation of D&R's unlawful behavior in violating the Settlement Agreement.  (*Id.* at ¶¶ 126-28).  These statements are such that would tend to harm D&R's reputation "in its business, as well as in the community in general."  (*Id.* at ¶ 129).

"Once a plaintiff establishes that there was a defamatory statement, he or she then must prove an additional element of a prima facie case: that the defendant was at fault in publishing the defamation . . . . If the plaintiff is a private person, he or she need show only that the defendant was negligent." *McLaughlin v. Rosanio*, 331 N.J. Super 303, 314 (App. Div. 2000).  In alleging fault, D&R repeatedly states that Defendants knew or should have known of the falsity of their statements, (Am. Compl. ¶¶ 129, 131-32; Doc. No. 27-2), and that the "statements were made willfully and maliciously with the intent to damage D&R."  (*Id.* at ¶ 138).  The facts that support the allegation of fault include D&R's claim that Defendants made "no effort to verify their allegations against D&R before publishing the disparaging letters, and intended the

16

disparaging letters to cause harm to D&R[.]"  (*Id.* at ¶ 100).  Thus, Plaintiff alleges sufficient

facts to state a claim of defamation, and Defendants' motion to dismiss is denied.

**III.    Conclusion**

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 26) is DENIED and

Plaintiff's motion to amend (Doc. No. 27) is GRANTED.  An appropriate form order is filed

herewith.

Dated:  August 2, 2011

/s/ Garrett E. Brown, Jr.

GARRETT E. BROWN, JR., U.S.D.J.
